1  DAVID L. ANDERSON (CABN 149604)
United States Attorney

2

HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ASEEM PADUKONE (CABN 298812)
Assistant United States Attorney

5

450 Golden Gate Avenue, Box 36055
6  San Francisco, California 94102-3495
Telephone: (415) 436-6401
7  FAX: (415) 436-7234
Aseem.padukone@usdoj.gov

8

Attorneys for United States of America

9

UNITED STATES DISTRICT COURT
10

NORTHERN DISTRICT OF CALIFORNIA
11

SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,            )  **CASE NO. 20-cr-00090 RS**
                                         )
14        Plaintiff,                     )  **STIPULATION TO CONTINUE STATUS**
                                         )  **CONFERENCE AND EXCLUDE TIME FROM**
15    v.                                 )  **MAY 12, 2020 TO JUNE 23, 2020 AND ORDER**
                                         )
16  SHAWN NIMAU,                         )
                                         )
17        Defendant.                     )
                                         )
18

19        It is hereby stipulated by and between counsel for the United States and Counsel for the

20  defendant Shawn Nimau, that the status conference currently scheduled for May 12, 2020 be continued

21  to June 23, 2020, and that time be excluded under the Speedy Trial Act from May 12, 2020 to June 23,

22  2020.

23        The Court previously excluded time from March 31, 2020 to May 12, 2020 for the effective

24  preparation of counsel and because the ends of justice served by the continuance outweighed the best

25  interests of the public and the defendant in a speedy trial.  The government has since produced discovery

26  to the defendant.  The parties stipulate and agree that the ends of justice served by excluding the time

27  from May 12, 2020 through June 23, 2020 from computation under the Speedy Trial Act outweigh the

28  best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

STIPULATION AND [PROPOSED] ORDER            1
 20-cr-00090 RS

1      An exclusion of time is appropriate because:

2      The Court may appropriately exclude time on ends-of-justice grounds.  The country's public

3 health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the

4 defendant in a speedy trial."  § 31671(h)(7)(A); *see also Furlow v. United States*, 644 F.2d 764 (9th Cir.

5 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice

6 continuance following the eruption of Mt. St. Helens).  The Court, in General Order No. 72 and 72-2,

7 has recognized that the ends of justices are served by ordering continuances due to the effect that the

8 public health recommendations have on the availability of counsel, the court, and any potential jurors.

9      Moreover, a failure to grant the requested continuance would unreasonably deny defense counsel

10 the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

11 because his ability to meet with the client and review discovery may be constrained by shelter-in-place

12 and quarantines.  § 3161(h)(7)(B)(iv).  The government has produced discovery in this case in response

13 to the defendant's request for discovery.  The exclusion of time is necessary for defense counsel to

14 review this discovery with his client in order to prepare a defense, particularly due to the difficulties

15 created by local shelter-in-place orders.

16

17 DATED:  May 1, 2020                   Respectfully submitted,

18                                  DAVID L. ANDERSON
                                 United States Attorney
19

20

21                                _/s/ Aseem Padukone_
                                 ASEEM PADUKONE
22                                  Assistant United States Attorney

23                                _/s/ Paul Demeester_
24                                  PAUL DEMEESTER
                                 Counsel for Shawn Nimau
25

26

27

28

STIPULATION AND [PROPOSED] ORDER      2
 20-cr-00090 RS

**ORDER**

For the reasons stated above, the Court continues the May 12, 2020 status conference to June 23, 2020.  The Court also finds that exclusion from the period from May 12, 2020, through June 23, 2020, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The country's public health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the defendant in a speedy trial."  Also, a failure to grant the requested continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence because his ability to meet with the client and review discovery is constrained by the shelter-in-place order.

IT IS SO ORDERED.


DATED: 5/1/2020

_____
HON. RICHARD SEEBORG
United States District Judge